# Supreme Court of Florida

---

No. SC21-1543

---

**IN RE: REDEFINITION OF APPELLATE DISTRICTS AND CERTIFICATION OF NEED FOR ADDITIONAL APPELLATE JUDGES.**

December 22, 2021
**SUPPLEMENTAL OPINION**

PER CURIAM.

## I. Background

In *In re Redefinition of Appellate Districts and Certification of Need for Additional Appellate Judges*, 46 Fla. L. Weekly S355 (Fla. Nov. 24, 2021), this Court determined that a sixth appellate district should be created in Florida and that accompanying changes should be made to the existing boundaries of the First, Second, and Fifth districts.[1] The Court also determined that six new appellate

---

1. Article V, section 9 of the Florida Constitution provides in pertinent part:

**Determination of number of judges.—**The supreme court shall establish by rule uniform criteria for the determination of the need for additional judges except supreme court justices, the necessity for decreasing the

judgeships were needed for the continued effective operation of the newly aligned district courts of appeal—specifically one in the realigned Second District and five in the realigned Fifth District.

The Court made the determinations consistent with the final report and recommendations of a Court-appointed assessment committee charged with evaluating the necessity for increasing, decreasing, or redefining the appellate districts.[2]  Among other things, the District Court of Appeal Workload and Jurisdiction Assessment Committee recommended that no existing district court judge's position be decertified while that judge is in office and that

number of judges and for increasing, decreasing or redefining appellate districts and judicial circuits.  If the supreme court finds that a need exists for increasing or decreasing the number of judges or increasing, decreasing or redefining appellate districts and judicial circuits, it shall, prior to the next regular session of the legislature, certify to the legislature its findings and recommendations concerning such need.

2.  District Court of Appeal Workload and Jurisdiction Assessment Committee Final Report and Recommendations https://www.flcourts.org/DCA-Committee-Report.  *See also In re District Court of Appeal Workload and Jurisdiction Assessment Committee*, Fla. Admin. Order No. AOSC21-13 (May 6, 2021).

no existing district court judge have to change residence in order to remain in office as a result of the realignment of districts.

## II. Amended Certification of Additional Judges

In furtherance of our constitutional obligation to determine the State's need for additional district court judges in fiscal year 2022/2023 and to certify our "findings and recommendations concerning such need" to the Florida Legislature,[3] this opinion amends the previously issued certification. Based on recent changes in residency of judges, the Court hereby certifies the need for seven rather than six additional district court judgeships, bringing to 71 the total number of judges on the state's district courts of appeal. Under this revision, the seven judgeships are allocated as follows: three in the realigned Second District and four in the realigned Fifth District. This assessment continues to be based on the assumption that each existing judge who resides within a county that was proposed for assignment to a new district court would be considered a judge of the new district court.

---

3. Art. V, § 9, Fla. Const.

We further certify that the creation of seven district court judges, as set forth in the appendix to this opinion, is necessary, and we recommend that the Legislature enact the applicable laws and appropriate funds so that the adjustments can be implemented.

The Court makes no revisions to the previously certified alignment of the jurisdictional boundaries of the six appellate districts.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
GROSSHANS, J., concurs in result only.
POLSTON, J., dissents with an opinion.

POLSTON, J., dissenting.

As I explained in my dissent to the majority's November 24, 2021 opinion, no additional district court of appeal judges are needed. None. Not six. Not seven. This revised certification makes my point. It is based on where current judges live, not any objective basis of a need for more judges to do the work.

Original Proceeding – Amended Certification of Need for Additional Appellate Judges

**APPENDIX**
**Amended District Court Need**

| District | District Court Certified Judges |
|---|---|
| 1 | 0 |
| 2 | 3 |
| 3 | 0 |
| 4 | 0 |
| 5 | 4 |
| 6 | 0 |
| **Total** | **7** |